**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leslie Alfred WEAVER,**
**Defendant-Appellant.**

**No. 77–3694.**

United States Court of Appeals,
Ninth Circuit.

April 9, 1979.

Carson G. Taylor, Los Angeles, Cal., for defendant-appellant.

Darell W. MacIntyre, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT and TANG, Circuit Judges, and TEMPLAR, District Judge.*

TANG, Circuit Judge.

Appellant, Leslie Alfred Weaver, was convicted following a jury trial for conspiracy to distribute and possess cocaine [21 U.S.C. §§ 841(a)(1), 846] and for aiding and abetting in the possession with intent to distribute 257.9 grams of cocaine [21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2]. Weaver was sentenced to concurrent prison terms of three years. He appeals his conviction on the grounds that the co-conspirators' statements implicating him were improperly admitted at trial and the remaining evidence was insufficient to support the convictions. We reverse.

Weaver originally was indicted with Joel Misetich and Jay Maddox as co-conspirators in a cocaine transaction. The testimony at Weaver's trial disclosed that on the evening of June 20, 1977, undercover agent Neil Greppin of the Drug Enforcement Administration met Maddox at a Las Vegas, Neva-

* Honorable George Templar, Senior U. S. District Judge for the District of Kansas, sitting by designation.

da, motel. Agent Greppin informed Maddox that he had $30,000 to buy a pound of cocaine. A deal was arranged to take place in the motel parking lot. Maddox then left the motel but returned shortly after midnight in his truck. Agent Greppin waited with Maddox in Maddox's truck for a "connection" to arrive with the cocaine. Several minutes later, Misetich arrived driving his pickup truck. Appellant Weaver was in the passenger's seat of Misetich's truck. Misetich talked with Maddox after which Misetich took a package wrapped in white cloth from a footlocker in the rear of his truck. Misetich took the package to Agent Greppin who inspected it inside Maddox's truck. After Greppin was satisfied that the package contained cocaine, he informed Misetich and Maddox he was going to his motel room to get the $30,000.

While Greppin headed for his motel room, Misetich returned to his truck with the package of cocaine, opened the driver's door, extended the package inside the truck and then got inside the truck. No one saw where Misetich placed the package but it was found after the arrest in Misetich's truck with approximately half of it under the passenger's seat and half protruding from under the seat. In the meantime, Greppin gave a signal to surveillance agents who converged on the scene and arrested Misetich, Maddox and Weaver. Weaver was in the passenger's seat of Misetich's truck during the entire transaction prior to his arrest.

A small plastic vial containing cocaine residue with an attached spoon and $596.00 in cash were found on Weaver when he was searched at the jail.

In addition to these facts, Misetich and Maddox made various statements to Agent Greppin which implicated Weaver as Misetich's "connection." The most incriminating was Misetich's statement to Greppin that his connection was in the truck. At that time, the only person in the truck was Weaver. At issue is whether the trial court was correct in admitting these statements at trial.

█ It is well settled that out-of-court statements by a co-conspirator are only ad-

missible against a defendant after evidence from a source apart from the statements establishes "(1) that a conspiracy existed, and (2) that the member against whom the conversation is introduced had knowledge of and participated in the particular conspiracy alleged." *U. S. v. Testa*, 548 F.2d 847, 852 (9th Cir. 1977) citing *U. S. v. Ledesma*, 499 F.2d 36, 40 (9th Cir. 1974). This circuit has established that there must be substantial independent evidence of the conspiracy, although such evidence need not be direct evidence. Furthermore, once the conspiracy is shown, only "slight evidence" is required to connect a co-conspirator. *Id.*

We believe the facts present a prima facie case that a conspiracy existed; however, there is not even "slight evidence" to connect Weaver to the conspiracy apart from the co-conspirator statements.

"[S]light" evidence must be of a quality which will reasonably support a conclusion that the particular defendant in question wilfully participated in the unlawful plan with the intent to further some object or purpose of the conspiracy. *U. S. v. Freie*, 545 F.2d 1217, 1222 (9th Cir. 1976).

Aside from the co-conspirator statements, the evidence which might show Weaver's knowledge and participation in the conspiracy is that he was a passenger in Misetich's truck and the cocaine (which was wrapped) was found partly under the passenger's seat. We find that Weaver's presence alone is not enough to constitute the requisite "slight evidence" of his wilful participation or knowledge in the conspiracy. *See United States v. Cloughessy*, 572 F.2d 190, 191 (9th Cir. 1977). Unlike the case of *U. S. v. Perez*, 491 F.2d 167 (9th Cir. 1974), which the Government cites, there was no evidence in this case that Weaver was also acting as a lookout. The evidence only showed Weaver sitting in Misetich's truck while a cocaine sale took place away from the truck.

█ The Government argues that Weaver had constructive possession if not actual possession of the cocaine package and that such possession connected him to the conspiracy. However, there is no evidence that

Weaver ever touched the package or had actual possession. Originally, Misetich got the package from a footlocker in the rear of his truck. Also, Misetich placed the cocaine package into the truck just moments before Weaver was arrested. Weaver is not shown to have the requisite dominion and control over the package to constitute possession. In addition, the location of the package near Weaver for this short period of time cannot constitute wilful knowledge and participation in the conspiracy when it was never shown at trial that Weaver had any idea what was in the wrapped package.

The Government contends that Weaver delivered the cocaine to a pre-arranged location. The record does not support this statement. The Government also argues it is reasonable to infer that Misetich actually handed Weaver the cocaine when he got in the truck. However, that is speculation; no one who testified knew where Misetich put the package.

We conclude that Weaver's presence inside Misetich's truck along with finding the wrapped package partly under the passenger's seat is not sufficient to constitute the "slight evidence" of Weaver's knowledge and participation in the conspiracy. Consequently, the co-conspirators' statements were improperly admitted against Weaver at his trial. Nevertheless, since Weaver's two sentences are concurrent, we will not reverse unless there is also insufficient evidence to support his conviction for aiding and abetting.

Weaver was convicted of aiding and abetting in the possession with intent to distribute and distribution of a controlled substance. The elements of aiding and abetting were defined by the Supreme Court in *Nye & Nissen v. U. S.,* 336 U.S. 613, 619, 69 S.Ct. 766, 769–70, 93 L.Ed. 919 (1949) as follows:

> In order to aid and abet another to commit a crime it is necessary that a defendant "in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." L. Hand, J., in *United States v. Peoni,* 2 Cir., 100 F.2d 401, 402.

Although Weaver was present at the scene, mere presence does not make one an aider and abetter. *U. S. v. Camacho,* 528 F.2d 464 (9th Cir.), *cert. denied,* 425 U.S. 995, 96 S.Ct. 2208, 48 L.Ed.2d 819 (1976). Aside from this, there was no showing that Weaver assisted the perpetrators of the crime. Nor was there a showing that Weaver shared in the criminal intent of the principals as required in *Hernandez v. U. S.,* 300 F.2d 114 (9th Cir. 1962). Normally, intent to distribute may be inferred from the fact that there was a large amount of cocaine in the package. *U. S. v. Perez,* 491 F.2d 167, 170 (9th Cir. 1974). But under these circumstances there is no evidence in the record that Weaver knew what was inside the wrapped package. Nor can the cocaine vial found on Weaver uphold the aiding and abetting conviction in this case. Possession of a fractional amount of cocaine residue does not show the requisite intent to distribute 257.9 grams of cocaine. Consequently, we find the remaining evidence likewise insufficient to support the aiding and abetting conviction.

We therefore reverse.