978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime RAMOS-GUERRERO, Defendant-Appellant.
 No. 92-50156.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1992.
Decided Nov. 5, 1992.
 
 Before D.W. NELSON, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury found Jaime Ramos-Guerrero guilty of conspiracy to import marijuana, importation of marijuana, conspiracy to possess marijuana with the intent to distribute, and possession of marijuana with intent to distribute. He was sentenced to a term of 35 months in custody and two years of supervised release. Ramos-Guerrero appeals on grounds of insufficiency of the evidence. We reverse.
 
 BACKGROUND
 
 3
 Based on observations six days earlier of a marijuana smuggling operation in the area, Border Patrol Agent William Doolittle and seven other agents converged on a road just north of the United States-Mexico border in the early morning of July 9, 1991. As had occurred on July 3, a white pickup passed by, turned around, came back, and stopped. Waiting pedestrians then loaded the truck with marijuana. A brown pickup followed the white pickup's route. Ramos-Guerrero was arrested as a passenger in the brown pickup. One of the agents testified to seeing Ramos-Guerrero look to the left and right, as if looking for something, as the brown trucks initially drove through the area.
 
 DISCUSSION
 A. Conspiracy
 
 4
 A defendant's mere presence during illicit activity by members of a conspiracy does not sufficiently establish involvement in the conspiracy. United States v. Esparza, 876 F.2d 1390, 1393 (9th Cir.1989); United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987). Nonetheless, a defendant's presence may support such an inference when viewed in context with other evidence. Penagos, 823 F.2d at 848.
 
 
 5
 The government offers two theories of Ramos-Guerrero's involvement in the conspiracy: that he was a "lookout" and that he was to become the driver of the white pickup after the marijuana was placed in the truck bed.
 
 1. "Lookout" Evidence
 
 6
 The evidence did not establish sufficiently that Ramos-Guerrero acted as a "lookout". A passenger's act of looking to the left and right while in a vehicle, without more, is of little or no significance. The government presented no evidence of any persons or activities that were the objects of Ramos-Guerrero's attention as he looked left and right. See Penagos, 823 F.2d at 349. We also note that, as a passenger, Ramos-Guerrero had no direct control over the brown pickup that followed the conspirators separately to the point of delivery. See id. Finally, Ramos-Guerrero did not attempt to avoid capture. See id.
 
 
 7
 The actions of Ramos-Guerrero are consistent with innocence. "When a defendant's behavior is entirely consistent with innocence, the government must 'produce evidence that would allow a rational jury to conclude beyond a reasonable doubt that the defendant [in fact engaged in criminal conduct].' " United States v. Bishop, 959 F.2d 820, 831 (9th Cir.1992) (quoting Penagos, 823 F.2d at 349). A reasonable jury could not have found beyond a reasonable doubt that Ramos-Guerrero acted as a "lookout" for the conspiracy.
 
 2. "Load Vehicle Driver" Evidence
 
 8
 Agent Doolittle's description of the events of July 3 did not include observation of a passenger in the brown truck. Nor did Agent Doolittle identify the person who drove the white truck on July 3 after it was loaded and the initial driver departed on foot.
 
 
 9
 Thus, the government's allegation that the passenger in the brown pickup on July 9 would drive the white truck after it was loaded--in the government's phrase, would be the conspiracy's "load vehicle driver"--is pure speculation. This speculation is insufficient for a reasonable jury to find beyond a reasonable doubt that Ramos-Guerrero participated in the conspiracy.
 
 3. Modus Operandi Evidence
 
 10
 The government argues that Ramos-Guerrero's role as a conspirator can be proven circumstantially because the modus operandi of the conspirators provides a "slight connection" between the conspirators and Ramos-Guerrero. See United States v. Sanchez-Mata, 925 F.2d 1166, 1167 (9th Cir.1991). However, a "slight connection" must be proved beyond a reasonable doubt. The only connection suggested was that Ramos-Guerrero would act as lookout or "load vehicle driver." As discussed above, the government did not present sufficient evidence to prove either connection beyond a reasonable doubt.
 
 B. Possession and Importation
 
 11
 A conviction for the importation and possession of marijuana with the intent to distribute can be based on one of three theories: 1) co-conspirator liability, 2) aiding and abetting, and 3) exercising dominion and control over the contraband. See Sanchez-Mata, 925 F.2d at 1168 (possession); United States v. Pinkerton, 328 U.S. 640, 647 (1946); United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.), cert. denied, 488 U.S. 943 (1988); Bettis v. United States, 408 F.2d 563, 566 (9th Cir.1969).
 
 1. Co-Conspirator Theory
 
 12
 As discussed above, the government failed to prove that Ramos-Guerrero was part of the conspiracy, so his conviction cannot be sustained on a co-conspirator liability theory. See Sanchez-Mata, 925 F.2d at 1168.
 
 2. Aiding and Abetting Theory
 
 13
 The mere presence of the defendant at the scene of illicit activity is not enough to support conviction on an aiding and abetting theory. Sanchez-Mata, 925 F.2d at 1169.
 
 
 14
 We have concluded previously that the government presented insufficient evidence to prove that Ramos-Guerrero acted as either lookout or "load vehicle driver." No additional evidence suggests that Ramos-Guerrero otherwise assisted the conspirators. Thus, he cannot be convicted as an aider or abettor.
 
 3. Dominion and Control Theory
 
 15
 "Mere proximity to contraband, presence on property where it is found, and association with a person or persons having control of it are all insufficient to establish constructive possession." Sanchez-Mata, 925 F.2d at 1169.
 
 
 16
 Ramos-Guerrero did not have dominion and control because he neither touched nor possessed the marijuana. See United States v. Weaver, 594 F.2d 1272, 1274-75 (9th Cir.1979). Moreover, he had no link to either of the trucks beyond the fact that he was a passenger in one of them. In fact, on July 9, Ramos-Guerrero never got close to the white pickup truck in which the marijuana was found, and the government presented no evidence linking him to the July 3 incident.
 
 
 17
 We hold that a reasonable jury could not have found Ramos-Guerrero guilty beyond a reasonable doubt. We reverse.
 
 
 18
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3