97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus MEJIA-DUARTE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco GONZALEZ, Defendant-Appellant.
 No. 95-50460, 95-50499.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 7, 1996.
Decided Sept. 12, 1996.
 
 Before: D.W. NELSON, T.G. NELSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 Appeal No. 95-50460 (Mejia-Duarte)
 A. Conspiracy
 
 2
 After the meeting place was changed to the K-Mart parking lot, Hernandez was not told where the delivery was to take place. Before taking Hernandez to the K-Mart parking lot, Mejia asked Hernandez if he had the "stuff" and had Hernandez show him the package hidden under his shirt. When he dropped Hernandez off, he told him to wait. When asked by Gonzalez if he had the "merchandise," Mejia replied that he did not, the other guy did, and told Gonzalez where to find Hernandez.
 
 
 3
 When Hernandez left the parking lot, he went to a service station next to and slightly above the K-Mart parking lot. He parked away from the gas pumps, in an area having a view of the parking lot. He was out of his car and in a position to see the parking lot when arrested.
 
 
 4
 The above evidence, along with other evidence in the record, is sufficient to sustain Mejia's conviction of conspiracy to possess heroin with intent to distribute. See United States v. Mesa-Farias, 53 F.3d 258 (9th Cir.1995); United States v. Penagos, 823 F.2d 346 (9th Cir.1987).
 
 B. Possession
 
 5
 Mejia's control of the situation when Hernandez rode with him is enough to demonstrate constructive possession of the heroin. Hernandez had to show Mejia he had it, only Mejia knew the location of the delivery point, and Mejia told him to wait. See United States v. Sanchez-Mata, 925 F.2d 1166, 1169 (9th Cir.1991). Additionally, the possession count can be sustained on a theory of aiding and abetting. Mejia's desire to bring about the success of the venture is amply demonstrated by his conduct outlined above. This was much more than mere presence. Cf. United States v. Weaver, 594 F.2d 1272 (9th Cir.1979).
 
 C. False Registration
 
 6
 The evidence of the false registration tended to rebut Mejia's story of being an innocent ride giver. It was not an unconnected "other crime," but tended to show knowledge of unlawful purpose. Use of the false registration gave him an opportunity to distance himself from the crime if he had been observed and could flee. The fact that he was not able to flee in this instance does not render the evidence inadmissible. Use of the falsely registered car is thus inextricably intertwined with the heroin transaction. See United States v. Williams, 989 F.2d 1061 (9th Cir.1993).
 
 D. Testimony of Agents
 
 7
 The testimony of the agents was not drug courier profile evidence. This court has upheld the use of expert testimony on modus operandi in criminal practices on a number of occasions. See United States v. Patterson, 819 F.2d 1495 (9th Cir.1987); United States v. Gil, 58 F.3d 1414 (9th Cir.1995), cert. denied, 116 S.Ct. 430 (1995); United States v. Kearns, 61 F.3d 1422 (9th Cir.1995). These cases involved testimony relating to false registration, surveillance from high ground and the general structure of criminal narcotics distribution organizations and how they operate.
 
 
 8
 In addition, even if the agents' testimony that drug traffickers do not involve people in a drug transaction if they are unaware of the transaction may be characterized as drug courier profile testimony, it is still admissible as rebuttal evidence in this case. See United States v. Lim, 984 F.2d 331, 335 (9th Cir.), cert. denied, 508 U.S. 965 (1993); United States v. Lockett, 919 F.2d 585, 590-91 (9th Cir.1990).
 
 E. Improper Comments by Prosecution
 
 9
 Since Mejia did not object to these comments at trial, we review for plain error. United States v. Necoechea, 986 F.2d 1273 (9th Cir.1993). The prosecutor stated that Hernandez was testifying in the hopes of getting "a more lenient sentence." "However, that's up to the court and he will testify that that's his understanding." Mejia concedes that Hernandez's testimony was consistent with this representation.
 
 
 10
 The Government's statement was not misleading. The sentence was up to the court. The Government's authority to recommend a downward departure does not empower it to actually grant the departure. Further, the Government specifically covered the possibility that it would move for a reduced sentence during its direct examination of Hernandez. There was not error, much less plain error, in the conduct of the Government on this issue.
 
 
 11
 F. Codefendant Gonzalez's Fifth Amendment Assertion
 
 
 12
 Ordinarily, a generalized assertion of a Fifth Amendment right not to testify is not appropriate. A particularized inquiry of the witness is required. See United States Pierce, 561 F.2d 735 (9th Cir.1977), cert. denied, 435 U.S. 923 (1978). Here, however, it was clear that the district judge thought that Mejia's request was that Gonzalez be required to assert the privilege before the jury. When the district judge denied the request, as he understood it, Mejia made no effort to correct the judge's understanding nor did he request a hearing with Gonzalez present but outside the presence of the jury. Under these circumstances, the district court did not abuse its discretion in rejecting Mejia's request.
 
 Appeal No. 95-50499 (Gonzalez)
 
 13
 The consolidation for sentencing of the probation violation in CR124947 and the sentencing on the plea of guilty in CR131848 did not render the two cases related for purposes of determining the criminal history category. United States v. Palmer, 946 F.2d 97, 99 (9th Cir.1991). It is not clear from the record that Gonzalez's counsel requested a downward departure. However, accepting his argument that the sentence suggested by his counsel could only have resulted from a downward departure, we will assume that he adequately requested a downward departure. However, the district court's entry of sentence without discussing the downward departure does not require a remand. In this situation, the district court need not state that it understands that it has the authority to depart before sentencing without any departure. United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991).
 
 
 14
 The judgments and sentences appealed from are each AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3