**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Tyrone Maurice WADE, Defendant—**
**Appellant.**

**No. 05–50049.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

Filed Nov. 20, 2007.

David P. Curnow, Esq., United States Attorney, San Diego, CA, for Plaintiff–Appellee.

Stephen E. Hoffman, Esq., Frank & Milchen, San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER and RYMER, Circuit Judges, and BEISTLINE *, District Judge.

## MEMORANDUM **

Defendant Tyrone Maurice Wade ("Wade") appeals his convictions of conspiracy to distribute marijuana in violation of 21 U.S.C. § § 841(a)(1) and 846, and aiding and abetting the possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We find that both convictions were supported by sufficient evidence and therefore affirm.

---

\* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

With respect to the conspiracy conviction, there is no dispute that there was a conspiracy. Accordingly, evidence of only a slight connection of Wade to the conspiracy is necessary to support Wade's conviction of knowing participation in the conspiracy. *See United States v. Sanchez–Mata*, 925 F.2d 1166, 1167 (9th Cir.1991).

■ First, sufficient evidence supported a finding that Wade participated in the conspiracy by assisting the conspirators in transporting to the water, and later retrieving, the boat that brought 629 kilograms of marijuana across the Mexican border to San Diego, California. In addition to traveling from Los Angeles to San Diego and then riding with co-defendant David Bailey in the truck that towed a trailer carrying the boat, Wade helped open the gates of the lot where the boat had been parked to allow the truck to leave the lot, was seen driving the truck back and forth to try to hitch the trailer to the truck, and was seen sticking his head out of the truck's passenger side window in an apparent effort to make sure the truck and trailer cleared the opened gate. Those facts distinguish this case from cases that hold mere presence at the scene of a crime, such as merely being a passenger in a vehicle carrying contraband, is insufficient evidence to support a finding of participation in a conspiracy. *Cf., e.g., Sanchez–Mata*, 925 F.2d 1166; *United States v. Penagos*, 823 F.2d 346 (9th Cir. 1987); *United States v. Weaver*, 594 F.2d 1272 (9th Cir.1979).

■ Second, sufficient evidence supported a finding that Wade's participation in the conspiracy was knowing; that is, that Wade knowingly associated himself with the crime as a participant to effect its

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fruition. *See United States v. Estrada–Macias,* 218 F.3d 1064, 1066 (9th Cir.2000). The following facts support a finding that Wade knew he was participating in a conspiracy to distribute marijuana: Wade traveled to San Diego because co-defendant Allan Halliday, who obviously trusted him, invited Wade to go on the boat trip with him (an invitation that Wade declined because he could not swim); Wade accompanied Bailey in the truck and shared a hotel room with the conspirators while the criminal enterprise was being carried out; Wade helped in the boat launching; and Wade was present at the boat's return and was arrested while standing near the boat, in the open cabin of which the marijuana was plainly visible and easily detectible by smell. It is simply implausible that conspirators in the transportation and distribution of nearly 1,400 pounds of marijuana would allow someone who was unaware of the purpose of the conspiracy to participate in, and observe close by, the carrying out of the criminal enterprise.

Were these facts only marginally sufficient to support a finding of knowledge beyond a reasonable doubt, *see, e.g., United States v. Bautista–Avila,* 6 F.3d 1360 (9th Cir.1993), Wade's telephone conversation with his girlfriend following his arrest provides sufficient corroboration of Wade's knowledge. She asked Wade what had happened, to which Wade answered, "That shit I told you about" "when we was on the bed," which in turn elicited the following response: "I told you not to do that shit. I had a bad feeling about it." When the girlfriend later asked Wade whether he had been "set up," Wade answered that he did not know but could not talk about it on the telephone because his calls were being monitored. Viewing these statements in the light most favorable to the prosecution, as we must, *see United States v. Atkinson,* 990 F.2d 501, 502 (9th Cir.1993) (en banc), we conclude that they confirm that Wade knew he was participating in a criminal conspiracy.

Therefore, we conclude that Wade's conspiracy conviction was supported by sufficient evidence.

With respect to the possession conviction, we find that this conviction was supported by substantially the same evidence described above. *See United States v. Delgado,* 357 F.3d 1061, 1065 (9th Cir. 2004) ("To properly convict for this crime ... the Government must prove beyond a reasonable doubt that the defendant (1) knowingly, (2) possessed an illegal drug, (3) with the intent to distribute it."). While Wade argues that the evidence does not support a finding that he exercised dominion or control over the marijuana, such a finding is not required where, as here, the evidence supports a finding that the defendant aided and abetted the possession of marijuana. *See United States v. Ramos–Rascon,* 8 F.3d 704, 711 (9th Cir. 1993) ("Possession with intent to distribute narcotics may be based on co-conspirator liability, aiding and abetting, *or* the exercise of dominion and control over the contraband." (emphasis added)).

Accordingly, we affirm Wade's convictions because they were supported by sufficient evidence.

**AFFIRMED.**