979 F.2d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter Christopher REYNOLDS, Defendant-Appellant.
 No. 91-50466.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1992.
Decided Nov. 17, 1992.
 
 Before CANBY, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Reynolds challenges his conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Because we hold that admission of his codefendant's inculpatory statement violated Reynolds' right to confront the witnesses against him, we reverse and remand for a new trial.
 
 
 3
 Reynolds and co-defendant Wilson were arrested at the permanent border patrol checkpoint on Interstate 15 at Temecula, California. Although Wilson was driving, they were travelling in a vehicle owned by Reynolds. They were referred to secondary inspection, where Reynolds gave permission for a canine perimeter search of the vehicle. A subsequent hand search of the vehicle turned up a fanny pack on the center console between the two front seats.
 
 
 4
 Although the fanny pack was in plain view on the console, when asked, both Reynolds and Wilson mumbled that they did not know whose it was. An officer then opened the pack and discovered 323.7 grams of 45 percent methamphetamine. Officers also found an empty handgun case containing cash, an electronic scale with an "R" scratched into it, and a tightly rolled dollar bill in the vehicle. On Wilson's person, officers found a ledger and a glass pipe with traces of methamphetamine.
 
 
 5
 Upon questioning by Agent McLaughlin, Wilson stated that he and Reynolds picked up the methamphetamine in Vista, California. The district court directed that this statement be redacted; the agent was to testify that Wilson admitted that he was involved in picking up the drugs. On the stand, however, Agent McLaughlin testified that Wilson stated that "they" had picked up the drugs in Vista. Use in this context of the pronoun "they" was repeated more than once during direct examination of Agent McLaughlin.
 
 I. Insufficiency of the Evidence
 
 6
 Reynolds contends that there was insufficient evidence of his knowledge that the methamphetamine was in the vehicle. Although this is an extremely close question, we conclude that the government presented sufficient evidence from which a jury could infer knowledge. This evidence consisted primarily of Reynolds' ownership of and presence in the vehicle transporting the fanny pack containing methamphetamine, his mumbled response about ownership of the fanny pack, and the scale with the "R". Testimony was presented that the scale is of a type often used to weigh narcotics, but for reasons unexplained, the government conducted no fingerprint or residue analysis of the scale. Nonetheless, viewing the evidence in the light most favorable to the government, we cannot conclude that no rational trier of fact could find Reynolds guilty beyond a reasonable doubt. See United States v. Sanchez-Mata, 925 F.2d 1166 (9th Cir.1991) (standard of review).
 
 II. Motion to Suppress
 
 7
 Reynolds contends that the district court should have suppressed evidence seized from his vehicle because referral to secondary inspection was not supported by reasonable suspicion. Generally, such selective referrals require no individualized suspicion. United States v. Martinez-Fuerte, 428 U.S. 543, 562-63 (1976). Absent affirmative evidence of an agent's subjective purpose to refer for drug-related offenses rather than immigration-related offenses, Martinez-Fuerte controls. United States v. Barnett, 935 F.2d 178, 181-82 (9th Cir.1991).
 
 
 8
 Moreover, because Reynolds consented to the initial canine perimeter search of his vehicle, the scope of the secondary stop requires no greater level of suspicion for the referral. See United States v. Morales, 972 F.2d 1007, 1010 (9th Cir.1992). Compare Barnett, 935 F.2d at 181-82 (consensual canine search) with United States v. Taylor, 934 F.2d 218 (9th Cir.1991) (non-consensual canine search must be supported by minimal suspicion), cert. denied, 112 S.Ct. 971 (1992). We affirm the denial of Reynolds' motion to suppress.
 
 III. Instructions and Argument
 
 9
 Reynolds asserts that the trial court's jury instructions implied that mere knowledge of the methamphetamine's presence in the car could support guilt. He also contends that the government improperly made such an argument in its closing statement.
 
 
 10
 The instructions correctly stated the dual requirements for a "possession" conviction of 1) knowledge and 2) dominion and control. See United States v. Penagos, 823 F.2d 346, 350 (9th Cir.1987). Fairly construed, the government's closing argument did not contradict the necessity of finding both elements.
 
 IV. Right to Confront Witnesses
 
 11
 Reynolds argues that, despite a limiting instruction, admission of Wilson's confession at their joint trial violated his Sixth Amendment right to confront the witnesses against him. See Bruton v. United States, 391 U.S. 123 (1968). The general proscription against admission of a nontestifying codefendant's inculpatory statements does not apply when "the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." Richardson v. Marsh, 481 U.S. 200, 211 (1987).
 
 
 12
 Here, Wilson's statement was redacted, but the substitution of "they" did nothing at all to obviate the threat to the right to confront witnesses that Bruton seeks to eliminate. The redaction did not result in the elimination of any reference to Reynolds' existence. In all likelihood, the jury would construe the pronoun as including Reynolds. Moreover, the danger posed by the faulty redaction was only exacerbated by the government's ineffective attempts to cure Agent McLaughlin's apparent inadvertent use of "they."
 
 
 13
 Because, as noted above, the evidence supporting Reynolds' conviction was less than overwhelming, we cannot conclude that the error in admitting Wilson's statement was harmless beyond a reasonable doubt. See United States v. Guerrero, 756 F.2d 1342, 1348 (9th Cir.) (Bruton error harmless if other evidence overwhelming and prejudice slight by comparison), cert. denied sub nom., Booth v. United States, 469 U.S. 934 (1984). We reverse and remand for a new trial.
 
 
 14
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3