26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar HUERTA-MACIAS, aka Roberto Macias-Huerta, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Ricardo LOPEZ-MENDOZA, aka Raul Garcia-Huerta, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellant,
v.
Oscar HUERTA-MACIAS, aka Roberto Macias-Huerta, Defendant-Appellee.
 Nos. 93-50230, 93-50232, 93-50255.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1994.
Decided May 25, 1994.
 
 Appeals from the United States District Court, for the Southern District of California, D.C. Nos. CR-92-1151-01-MLH, CR-92-1151-02-MLH; Marilyn L. Huff, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oscar Huerta-Macias ("Huerta") appeals from his jury conviction on a charge of possessing cocaine with the intent to distribute it. The government cross-appeals from the district court's post-verdict judgment of acquittal on a conspiracy charge. The government also appeals from the district court's post-verdict judgment acquitting Ricardo Lopez-Mendoza ("Lopez") of both possession with intent to distribute and conspiracy. We affirm Huerta's conviction for possession with intent to distribute, and we affirm the district court's judgments of acquittal.
 
 
 3
 * Huerta first contends that the district court abused its discretion by admitting the testimony of DEA Special Agent Larry Roberts, which Huerta characterizes as drug courier profile evidence of his guilt. Drug courier profile testimony is not admissible as substantive evidence of guilt, United States v. Lim, 984 F.2d 331, 335 (9th Cir.), cert. denied, 113 S.Ct. 2944 (1993), and an expert cannot opine about a defendant's guilt. United States v. Bosch, 914 F.2d 1239, 1243 (9th Cir.1990). However, law enforcement officials may give expert testimony that a defendant's actions, not otherwise "innocuous" or "perfectly innocent", were consistent with a usual criminal modus operandi. United States v. Taren-Palma, 997 F.2d 525, 534-35 (9th Cir.1993) (distinguishing Lim ), cert. denied, --- U.S. ----, 62 U.S.L.W. 3722 (U.S. May 2, 1994) (No. 93-7585).
 
 
 4
 We conclude that the testimony, regardless of how it is characterized, "did not affect [the defendants'] substantial rights so as to 'seriously affect [ ] the fairness, integrity or public reputation of [the] judicial proceedings.' " United States v. Ogbuehi, 18 F.3d 807, 812 (9th Cir.1994) (even when expert testimony runs afoul of the rule against drug courier testimony being used as substantive evidence of guilt, the admission of such evidence will not result in reversal if it did not affect the defendant's substantial rights by seriously affecting the fairness, integrity or public perception of the judicial proceedings; quoting United States v. Olano, 113 S.Ct. 1770, 1779 (1993) (second brackets in original). The district court did not abuse its discretion by admitting the testimony into evidence.
 
 II
 
 5
 Huerta next argues that the district court abused its discretion by refusing to allow him to rebut a portion of Roberts' testimony, to the effect that Roberts had not heard of large quantities of drugs being left unattended, by reading from or discussing a newspaper article that reported a fairly large quantity of marijuana having been found unattended. We conclude that the district court's ruling was not improper.
 
 
 6
 The article could not have served to rebut Roberts' testimony that he had not heard of large quantities of drugs being left unattended, because the story only appeared in print after Roberts had testified. Moreover, for someone without direct, personal knowledge of the facts as reported in the newspaper article to read or discuss the contents thereof as evidence would result in several layers of inadmissible hearsay. Finally, we can see little relevance in a comparison between a few thousand dollars' worth of (dumped?) marijuana and several millions of dollars' worth of cocaine sitting in an unlocked, unguarded vehicle with the keys inside. There was no abuse of discretion in the district court's ruling.
 
 III
 
 7
 Huerta also contends that the jury should have been instructed that Roberts' expert witness testimony was admissible only to assist their understanding of the case, but not as substantive evidence of guilt. See United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991). We conclude that any resultant error, if such it was, was harmless: There was ample evidence of Huerta's guilt, and the district court gave the standard limiting instruction regarding the weight to be accorded expert witness testimony. See Bosch, 914 F.2d at 1244 & n. 1; United States v. Espinosa, 827 F.2d 604, 613 n. 4 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988). There was no reversible error on this point.
 
 IV
 
 8
 Huerta next argues that the district court abused its discretion by allowing the government to impeach his credibility by cross-examining him on his history of lying to law enforcement officials concerning his proper identity. Specific instances of a witness' prior misconduct not leading to criminal conviction "may ... in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness[.]" Fed.R.Evid. 608(b)(1). We have long recognized that a witness places his own credibility at issue when he takes the stand, and evidence of prior false statements made by that witness are properly the subject of cross-examination. See e.g. United States v. Reid, 634 F.2d 469, 473-74 (9th Cir.1980), cert. denied, 454 U.S. 829 (1981). The district court did not abuse its discretion by allowing the government to cross-examine Huerta on his penchant for lying to law enforcement officials.
 
 V
 
 9
 The government cross-appeals from the grant of Huerta's motion for judgment of acquittal on the conspiracy count, arguing that ample evidence existed for a reasonable trier of fact to find that a conspiracy existed and that Huerta was involved in it. Citing United States v. Ocampo, 937 F.2d 485 (9th Cir.1991) and United States v. Sanchez-Mata, 925 F.2d 1166 (9th Cir.1991), the district court held that the government had failed to prove even a slight connection between Lopez and Huerta and, in the absence of any showing that anyone else was involved in the alleged conspiracy to smuggle the cocaine into the United States, neither Huerta's nor Lopez's conspiracy conviction could stand.
 
 
 10
 We agree. While there was ample proof that Huerta was guilty of the offense of possession with intent to distribute, there was insufficient evidence that he conspired with a third party to commit that substantive offense. See United States v. Hart, 963 F.2d 1278, 1283 (9th Cir.1992) ("In order to convict [the defendant] of conspiracy the government had to prove that at least two persons were involved in the conspiracy."). The district court did not err by granting the motion for judgment of acquittal on the conspiracy count.
 
 VI
 
 11
 Finally, the government appeals from the district court's grant of Lopez's motion for judgment of acquittal, arguing that ample evidence was presented to the jury proving that a conspiracy existed to possess and distribute cocaine, and that Lopez was not only involved in that conspiracy but also was guilty of possession with intent to distribute. For the reasons already noted, the district court did not err by granting the motion for judgment of acquittal on the conspiracy count. As for the substantive count, the government was required to prove beyond a reasonable doubt that Lopez-Mendoza knowingly possessed the cocaine with an intent to distribute it. See Ocampo, 937 F.2d at 488. While "[p]ossession of a large quantity of cocaine alone may be sufficient to infer both knowledge and intent[,]" id., the government had to prove that Lopez himself had dominion and control over the drugs. Id. at 489. Mere proximity to the drugs is not enough for even a circumstantial case of possession. Id.
 
 
 12
 The government failed to produce sufficient evidence to support the conviction of Lopez on the offense of possession with intent to distribute nearly 600 pounds of cocaine. Having timely moved for a judgment of acquittal at the close of the government's case-in-chief, which would have precluded the admission of his co-defendant's testimony, Lopez was shown only to have been a passenger in, and to have fled from, a car that contained cocaine.
 
 
 13
 Accordingly, Huerta's conviction on the substantive count of possession with intent to distribute cocaine is AFFIRMED. The district court's judgments of acquittal are also AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3