110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert E. DERY, Defendant-Appellant.
 No. 96-10262.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1997.
Decided March 19, 1997.
 
 Before: WHITE,* Associate Justice, Retired, and CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Robert Dery appeals, on a variety of grounds, his convictions and resulting sentences for possessing methamphetamine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1), and using firearm during and in relation to a narcotics-trafficking crime, a violation of 18 U.S.C. § 924(c)(1). We affirm.
 
 II.
 
 3
 Because the parties are familiar with the facts of this case, we repeat them here only as necessary.
 
 III.
 
 4
 Dery initially contends that the evidence presented at trial was insufficient to sustain his conviction for use of a firearm during and in relation to a narcotics-trafficking crime. That contention is without merit. To sustain a conviction under 18 U.S.C. § 924(c)(1), the government must prove that the defendant "actively employed" a firearm during and in relation to a narcotics-trafficking crime, understood as "brandishing, displaying, bartering, striking with, and most obviously firing or attempting to fire a firearm." Bailey v. United States, 116 S.Ct. 501, 508 (1995). Here, Detective Lombardo testified before the jury that when he and the confidential informant, Portinova, approached Dery's car to purchase methamphetamine, Dery reached into the car, removed a Glock semi-automatic handgun, and aimed the weapon at Detective Lombardo. Viewed in the light most favorable to the government, United States v. Sanchez-Mata, 925 F.2d 1166, 1166-67 (9th Cir.1991), that testimony is sufficient to sustain Dery's conviction under section 924(c)(1).
 
 IV.
 
 5
 Second, Dery contends that the district court erred in admitting the hearsay statements of Portinova, who was unavailable to testify at trial. Even if we assume that Portinova's statements were hearsay, the district court's admission of those statements was harmless error. The other evidence presented at trial--concerning Dery's arrival at the convenience store with a large amount of methamphetamine and a loaded Glock handgun, along with his behavior at the scene--rendered it "more probable than not that the error did not materially affect the verdict." United States v. Morales, 1997 WL 91657, at * 10 (9th Cir., Mar. 5, 1997) (en banc).
 
 V.
 
 6
 Third, Dery contends that the district court erred in allowing Detective Robison to testify at trial concerning previous acts of drug-trafficking in which he, Dery, had engaged. That testimony, however, was properly admitted. This Court has consistently held that evidence of uncharged narcotics-trafficking is admissible to establish a defendant's intent to distribute a controlled substance, even if that evidence would otherwise constitute inadmissible character evidence under Fed.R.Evid. 404(b). See, e.g., United States v. Basinger, 60 F.3d 1400, 1408 (9th Cir.1995). Moreover, the district court provided a limiting instruction, explaining to the jury that it could only consider Detective Robison's testimony for the limited purpose of showing that Dery may have intended to distribute the methamphetamine found in his car.
 
 VI.
 
 7
 Fourth, and finally, Dery contends that the district court erred in denying his motion to suppress his post-arrest statements to Detective Robison. Dery insists that he did not validly waive his Miranda rights prior to making those statements, and that the police officers lacked probable cause to arrest him.
 
 
 8
 A. Miranda Rights.
 
 
 9
 Dery's contention that he did not validly waive his Miranda rights is without merit. The district court found that Detective Robison read Dery his Miranda rights in the same manner as he does with every other suspect--by reading those rights off a card that he carries with him at all times--that the Detective's credibility on that issue was not impeached at trial, and that Dery's statements were not made in an unacceptably-coercive setting. Those findings are not clearly erroneous.[1] The only evidence Dery adduced in support of his claim that he did not validly waive his Miranda rights was his purported inability to remember having done so. Moreover, the setting in which Dery made his incriminating statements--having been placed in handcuffs by a number of armed police-officers--does not establish coercion. See United States v. Childs, 944 F.2d 491, 496 (9th Cir.1991) (finding voluntary waiver of Miranda rights after officer had arrested defendant at gunpoint and placed him in handcuffs). Under the totality of the circumstances, see Moran v. Burbine, 475 U.S. 412, 421 (1986), the district court properly found that Dery voluntarily waived his Miranda rights.
 
 
 10
 B. Probable Cause to Arrest.
 
 
 11
 Dery's contention that the police officers lacked probable cause to arrest him is similarly without merit. "Probable cause to arrest depends 'upon whether, at the moment the arrest was made ... the facts and circumstances with the [arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] has committed or was committing an offense.' " Adams v. Williams, 407 U.S. 143, 148 (1972) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). Under that standard, the police officers clearly had probable cause to arrest Dery: the officers had information linking Dery to drug-trafficking from a confidential informant who had proven reliable on two previous occasions; the officers witnessed the informant make a phone call to someone named "Bob" and arrange a drug transaction at a particular location; the officers observed Dery leave his residence and proceed directly to the location at which the drug transaction was to take place; and Dery, when confronted by an individual with whom he was unfamiliar (Detective Lombardo), became agitated and brandished a semi-automatic handgun.
 
 VII.
 
 12
 Dery's convictions are AFFIRMED.
 
 
 
 *
 The Honorable Byron R. White, Associate Justice, United States Supreme Court, (Ret.), sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We review for clear error a district court's findings of fact on a motion to suppress. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994)