**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ignacio SANCHEZ–MATA,
Defendant–Appellant.**

No. 87–5333.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 1990.

Decided Feb. 11, 1991.

Stephen E. Hoffman, Frank & Milchen, San Diego, Cal., for defendant-appellant.

Thomas D. Ferraro, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HUG, CANBY and WIGGINS, Circuit Judges.

CANBY, Circuit Judge:

Ignacio Sanchez–Mata appeals from convictions for conspiracy to possess with intent to distribute narcotics, and possession with intent to distribute narcotics. There is insufficient evidence to connect Sanchez–Mata to the drug conspiracy. Similarly, there is insufficient evidence that Sanchez–Mata had dominion or control over the drugs seized. We reverse both convictions.

### Standard of Review

We will uphold a conviction if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of each element of the crime charged. *United States v.*

*Sharif,* 817 F.2d 1375, 1377 (9th Cir.1987) (quoting *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

## Facts

In January, 1987, Border Patrol Agents discovered four bags of marijuana in the remote Jewel Valley area of southern California. Four sets of footprints were visible. At that time, the agents observed a silver Audi in the area; co-defendant Tapia–Salas was driving and co-defendant Sanchez–Ortiz was the only passenger. One agent had observed the car about ten times in the area in the early morning hours during the prior two weeks. He identified co-defendant Tapia–Salas as the driver and co-defendant Rea as the passenger on those occasions. The Audi was registered to Sanchez–Ortiz. Sanchez–Mata was never seen in the Jewel Valley area.

The agents installed an electronic motion sensor at the site where the bags had been found. At approximately 9:10 p.m. on March 2, 1987, the sensor activated. Agents did not respond, but two agents later went to the site and observed tire tracks between four and six hours old that matched the tires of the Audi. No other tire tracks were present. No footprints were visible on this occasion.

At approximately 9:50 p.m., agents saw the Audi parked at a closed market in a town approximately seven miles from Jewel Valley. About fifteen minutes later, Sanchez–Mata, Sanchez–Ortiz, Rea, and Tapia–Salas arrived at the market in a red Toyota. The trunks of the cars were not opened at the market. Both vehicles left the market after six minutes, trailed by two cars driven by agents. The Audi accelerated to ninety-five miles per hour, but the Toyota traveled within the speed limit. The agents caused the Audi to be stopped; Tapia–Salas was the driver, Sanchez–Mata the passenger. Tapia–Salas was unable to open the trunk. Meanwhile, the agents stopped the red Toyota nearby. Sanchez–Ortiz was the owner and driver; Rea was a passenger. One of the agents asked San- chez–Ortiz if she had a key to the trunk of the Audi; she claimed to have lost it.

At this time, one of the agents smelled marijuana from the outside of the Audi. The agents found a mechanism inside the car that permitted them to open the trunk. There they found 141 pounds of marijuana packaged in four duffel bags. Throughout the roadside stop, Sanchez–Mata looked nervous and several times had eye contact with Tapia–Salas. Sanchez–Mata did not resist arrest. He did not carry a weapon or possess any drugs (no drugs were found inside the passenger compartment of the Audi). He was never seen touching the marijuana and his fingerprints were not on the bags. He did not have a key to the Audi. He was never observed with co-defendants at any other time.

Sanchez–Mata, Tapia–Salas, Sanchez–Ortiz, and Rea were charged with conspiracy to import marijuana (Count One), importation of marijuana (Count Two), conspiracy to possess marijuana with intent to distribute (Count Three), and possession of marijuana with intent to distribute (Count Four). Tapia–Salas pleaded guilty to all charges. The jury was unable to reach a verdict on any of the counts against Sanchez–Ortiz and Rea, and the case against those two co-defendants was later dismissed. In addition, the jury was unable to reach a verdict on counts one and two against Sanchez–Mata; these counts were eventually dismissed. Sanchez–Mata was convicted on the conspiracy to possess and possession charges.

## Analysis

### A. *Conspiracy With Intent to Distribute Narcotics*

There is no dispute that the government produced sufficient evidence that a conspiracy existed. Once the existence of a conspiracy is established, evidence of only a slight connection is necessary to support a conviction of knowing participation in that conspiracy. *United States v. Cuevas,* 847 F.2d 1417, 1422 (9th Cir.1988), *cert. denied,* 489 U.S. 1012, 109 S.Ct. 1122, 103 L.Ed.2d 185 (1989). The government failed to produce sufficient evi-

dence that Sanchez–Mata had even a slight connection with the conspiracy.

The extreme weakness of the evidence against Sanchez–Mata is well-illustrated by comparing his case with two others where we held the evidence insufficient to establish a slight connection to a drug conspiracy. In *United States v. Penagos*, 823 F.2d 346 (9th Cir.1987), Penagos was present and appeared to be the "look out" when one conspirator transferred drugs from one car to another. Penagos was with one conspirator for forty-five minutes while the conspirator placed and received phone calls. Penagos was arrested in an apartment where cocaine and four telephone pagers were found. But in reversing Penagos' conviction, this court noted that Penagos' suspect activities did not occur "at meetings between buyers and sellers and during actual transfer of drugs to buyers," Penagos was only present on one occasion when the two active conspirators loaded or unloaded cocaine, and Penagos did not attempt to evade capture. *Id.* at 349.

In *United States v. Lopez*, 625 F.2d 889 (9th Cir.1980), Lopez spent all day with drug conspirators and then accompanied them to the scene of a drug transaction riding in a car with two conspirators, one of whom had a large quantity of heroin in her purse. We found it important that Lopez took no part in negotiations for or delivery of drugs. Moreover, Lopez was never seen by the agents prior to the arrest date. And there was no evidence that Lopez did anything at any time to further the conspiracy, that he had a financial interest in the drug transaction (he had $42.55 on him at the time of arrest), that he was related to the conspirators, or that he had any knowledge of the conspirators' activities.

Evidence of a slight connection to a conspiracy is even weaker in this case than in *Penagos* and *Lopez*. Sanchez–Mata was observed for the first time by agents when he arrived at the market in the Toyota and left in the Audi. The trunk of the Audi was not opened at the market. Sanchez–Mata was merely a passenger in the Audi.

At the time of arrest he had only $24 on him, no drug transaction was underway, and he did not attempt to evade capture or arrest. Sanchez–Mata's fingerprints were not found on the drug bags. No long term or familial relationship was established between him and the other defendants. The government's strongest evidence is that Sanchez–Mata previously pleaded guilty on a drug-related offense. This conviction was admitted into evidence to prove knowledge: Sanchez–Mata knew what marijuana smelled like and must have recognized the strong odor present. However, knowledge that drugs are present is not enough to prove involvement in a drug conspiracy. *Penagos*, 823 F.2d 346 (9th Cir.1987); *Lopez*, 625 F.2d 889 (9th Cir.1980); *Cloughessy*, 572 F.2d 190 (9th Cir.1977). Sanchez–Mata's behavior was "consistent with that of an innocent person having no stake or interest in drug transactions." *See Penagos*, 823 F.2d at 349. Accordingly, we reverse Sanchez–Mata's conviction on the conspiracy count.

**B. Possession With Intent to Distribute Narcotics**

■ A conviction for possession with intent to distribute narcotics may be based on one of three legal theories: (1) co-conspirator liability, *United States v. Pinkerton*, 328 U.S. 640, 645–47, 66 S.Ct. 1180, 1183–84, 90 L.Ed. 1489 (1946); aiding and abetting, *United States v. Savinovich*, 845 F.2d 834, 838 (9th Cir.), *cert. denied*, 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988); and (3) exercising dominion and control over the contraband. *United States v. Behanna*, 814 F.2d 1318, 1319 (9th Cir.1987).

*1. Co–Conspirator Liability*

The government failed to prove that Sanchez–Mata was part of a conspiracy. Thus, Sanchez–Mata cannot be guilty of possession based on a co-conspirator liability theory.

*2. Aiding and Abetting*

■ Aiding and abetting has a broader application than conspiracy; it makes a de-

fendant a principal when he consciously shares in any criminal act whether or not there is a conspiracy. *Nye & Nissen v. United States,* 336 U.S. 613, 620, 69 S.Ct. 766, 770, 93 L.Ed. 919 (1948). But it is necessary that the defendant "in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." *Id.* at 619, 69 S.Ct. at 770. The government failed to produce sufficient evidence to support Sanchez–Mata's possession conviction on an aiding and abetting theory.

The cases relied upon by the government are distinguishable. In *United States v. Savinovich,* 845 F.2d 834, 838 (9th Cir.), *cert. denied,* 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988), the defendant, convicted on an aiding and abetting theory, was the wife of the principal. She accompanied him on the drug transaction, actually driving the car and carrying the cocaine to the drop site. In *United States v. Gillock,* 886 F.2d 220, 222 (9th Cir.1989), the defendant was convicted of possession on an aiding and abetting theory because some drugs were found on the defendant, drugs, drug paraphernalia, and a weapon were found at the defendant's residence, and corroborating testimony was offered linking the defendant to the drug production. In *United States v. Smith,* 832 F.2d 1167 (9th Cir.1987), the defendant supplied a large quantity of cocaine to a known distributor. Despite his argument that it was a simple buyer-seller transaction, the defendant was convicted of intent to distribute because there were prior and subsequent negotiations and illicit transactions with the distributor. *Id.* at 1172. In *United States v. Valles–Valencia,* 811 F.2d 1232, 1235 (9th Cir.) *modified,* 823 F.2d 381 (1987), the defendant was arrested with the principals inside a house used exclusively for drug storage; there were no furnishings and several rooms were packed from floor to ceiling with marijuana. In addition, the defendant's fingerprints were found on items discovered at two other drug warehouses, and he was present when several other people were preparing a shipment. *Id.* The court held that this evidence was sufficient to support a conviction of possession on an aiding and abetting theory.

In contrast, the evidence against Sanchez–Mata for aiding and abetting is nonexistent. Sanchez–Mata's presence as a passenger in the car cannot support an aiding and abetting theory.

### 3. *Dominion and Control*

The government must prove that the defendant both knows of the presence of the contraband and has the power to exercise dominion and control over it. *United States v. Behanna,* 814 F.2d 1318, 1319 (9th Cir.1987). Mere proximity to contraband, presence on property where it is found, and association with a person or persons having control of it are all insufficient to establish constructive possession. *Id.* at 1320.

The government used Sanchez–Mata's prior conviction to establish that he knew what marijuana smelled like and therefore knew that the drug was present. The government, however, failed to establish the second prong of the test, dominion and control. Sanchez–Mata did not have a key to the trunk or car, was not driving the car, did not own the car. *Cf. Penagos,* 823 F.2d at 349–51 (insufficient evidence to support possession convictions where no evidence that defendant was more than simply present at one of three occasions when drugs were delivered, that defendant touched cocaine, or that defendant owned or leased any of the apartments .or cars where cocaine was found). The only evidence of dominion against Sanchez–Mata was that he was a passenger in the Audi. And it is "well established that a passenger may not be convicted unless there is evidence connecting him with the contraband, other than his presence in the vehicle." *United States v. Ramos,* 476 F.2d 624, 625 (9th Cir.), *cert. denied,* 414 U.S. 836, 94 S.Ct. 182, 38 L.Ed.2d 72 (1973).

The government did not present evidence sufficient to sustain Sanchez–Mata's conviction for possession of marijuana with intent to distribute. Accordingly, we reverse that conviction.

## CONCLUSION

The government failed to produce evidence which would enable a rational jury to determine beyond a reasonable doubt that Sanchez–Mata was involved in a conspiracy to possess marijuana with intent to distribute. No evidence supports the jury's conclusion that Sanchez–Mata possessed marijuana. We reverse both convictions.

REVERSED