951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bret Paxton BALLINGER, Defendant-Appellant.
 No. 90-50681.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 20, 1991.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bret Paxton Ballinger appeals his conviction, after jury trial, for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Ballinger argues: (1) the evidence introduced at trial was insufficient to support a finding of guilt, and (2) the district court erred in precluding evidence which Ballinger contends was relevant to his intent in designing the unregistered device. We affirm.
 
 
 3
 "We will uphold a conviction if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of each element of the crime charged." United States v. Sanchez-Mata, 925 F.2d 1166, 1166 (9th Cir.1991).
 
 
 4
 The government presented evidence that after Ballinger was arrested he stated to a friend that the police found his pipe bomb in the bedroom. Based upon this evidence, a rational juror could find Ballinger guilty of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). See United States v. Charles, 883 F.2d 355, 357 (5th Cir.1989) (section 5861(d) "firearm" refers to a "destructive device," including a pipe bomb), cert. denied, 493 U.S. 1033 (1990).
 
 
 5
 Although Ballinger raised the affirmative defense that "[t]he term 'destructive device' shall not include any device which is neither designed nor redesigned for use as a weapon," 26 U.S.C. § 5845(f), a rational juror could also find from the evidence presented that this defense was rebutted beyond a reasonable doubt. See United States v. Oba, 448 F.2d 892, 894 (9th Cir.1971) (device designed for use as a weapon because defendant admitted the device was to be used to bomb property), cert. denied, 405 U.S. 935 (1972).
 
 
 6
 The district court's evidentiary rulings are reviewed for abuse of discretion. United States v. Gwaltney, 790 F.2d 1378, 1383-84 (9th Cir.1986), cert. denied, 479 U.S. 1104 (1987). "To determine whether the District Court abused its discretion, this Court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgement." United States v. Soulard, 730 F.2d 1292, 1296 (9th Cir.1984).
 
 
 7
 At trial, Ballinger proffered evidence from defense witness Richard Riola that, a month before Ballinger's arrest, he and Ballinger orally planned to build a model rocket from scratch using PVC pipe as the motor casing. The district court ruled that this evidence was inadmissible because it was irrelevant to Ballinger's intent in building the unregistered device.
 
 
 8
 The district court did not abuse its discretion by this ruling. See Fed.R.Evid. 402; United States v. Komisaruk, 885 F.2d 490, 493 (9th Cir.1989) (district court may limit evidence to proof that is legally relevant). Ballinger's plan to build a rocket with Riola had no bearing on Ballinger's intent in building the device he referred to as his pipe bomb.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3