70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
JUVENILE (CW), Defendant-Appellant.
 No. 95-30077.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1995.*
Decided Nov. 29, 1995.
 
 Before: WRIGHT, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 CW appeals his conviction for aiding and abetting in the commission of an involuntary manslaughter. 18 U.S.C. Sec. 1112; 18 U.S.C. Sec. 2. We affirm.
 
 
 3
 CW argues that the district court erred in convicting him of aiding and abetting because his participation in the assault was insufficient to constitute aiding and abetting and because he did not have the requisite intent for voluntary manslaughter. To be guilty of aiding and abetting, it is necessary that the defendant "associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." United States v. Sanchez-Mata, 925 F.2d 1166, 1169 (9th Cir.1991) (quoting Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 770, 93 L.Ed. 919 (1948)). Whether a defendant aided and abetted in the commission of an offense turns on the defendant's intent. See United States v. Dinkane, 17 F.3d 1192, 1195 (9th Cir.1994); United States v. Ramos-Rascon, 8 F.3d 704, 711 (9th Cir.1993). The intent required for involuntary manslaughter is "a wanton or reckless disregard for human life but not of the extreme nature that will support a finding of malice." United States v. Paul, 37 F.3d 496, 499 (9th Cir.1994).
 
 
 4
 1. CW argues that his intent and his acts were insufficient to constitute aiding and abetting. He argues that his conviction for aiding and abetting is based on nothing more than his mere presence at the time the offense occurred. We have carefully reviewed the record and we disagree. CW did much more than lend his presence to the scene of the crime. He went there expecting an assault on the victim; he actively joined in it and even admitted kicking the victim; and he abandoned the helpless and exposed victim in the snow. His own testimony showed as much. The testimony of his coparticipants made it even more clear that he was an active participant in the wrongdoing. The district court did not err when it determined that CW had committed this offense.
 
 
 5
 2. CW also argues that the failure of the police to allow the Emergency Medical Technician to examine the deceased victim was the kind of failure that could break the chain of causation and became the proximate cause of death. However, because CW does not assert that the victim was still alive when the police arrived, or that he could have been revived had the EMT been given the opportunity to try, the failure to allow the EMT to examine the victim could not have been an intervening cause in this case. We need not and will not render an advisory opinion on proper police procedures.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3