**NU'USILA SUANI, Appellant,**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee.**

High Court of American Samoa
Appellate Division

AP No. 02-96

June 16, 1997

Before KRUSE, Chief Justice, GOODWIN,[*] Acting Associate Justice, WALLACE,[**] Acting Associate Justice, TAUANU'U, Chief Associate Judge, and MAILO, Temporary Associate Judge.

Counsel: For Appellant, Reginald Gates, Public Defender
    For Appellee, Frederick J. O'Brien, Assistant Attorney General

---

[*] Honorable Alfred T. Goodwin, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.
[**] Honorable J. Clifford Wallace, United States Court of Appeal for the Ninth Circuit, serving by designation of.the Secretary of the Interior.

KRUSE, Chief Justice.

On June 20, 1995, appellant Nu`usila Suani was charged with one count of unlawful possession of a controlled substance (marijuana) and one count of possession of a prohibited weapon. He was tried on November 20, 1995, and found guilty of unlawfully possessing a controlled substance in violation of A.S.C.A. § 13.1022. Because of a prior conviction for the same offense, appellant was sentenced to twelve years imprisonment. The court granted in part appellant's motion for reconsideration and reduced appellant's sentence to ten years. This appeal followed.

## Facts

On April 7, 1995, the police, through the Office of the Attorney General, filed an application with the District Court for a warrant to search appellant's residence and land for "marijuana and related paraphernalia." However, the pre-prepared search warrant form presented to, and executed by, the District Court only addressed "marijuana plants." (No. SW 06-95). Armed with the warrant, a number of police officers visited appellant's home to execute the warrant. When the officers attempted to serve appellant with the search warrant, a heated verbal exchange ensued.

At some juncture during the argument, one of the officers began to search the land area surrounding appellant's residence. This search revealed two growing marijuana plants located approximately 30-40 yards from the residence. The officers placed appellant under arrest, led the appellant into his residence in handcuffs, and proceeded to search inside his home. The officers found in appellant's house a marijuana joint and an unopened briefcase containing "a .38 revolver, 462 marijuana seeds, a glass smoking pipe, three packets of cigarette rolling paper, and other drug paraphernalia." 29 A.S.R.2d 38, 39 (Trial Div. 1995) (Order Partially Granting Motion to Suppress).

At trial, appellant moved to suppress all of the evidence obtained during the search. The trial court denied the motion with respect to the two marijuana plants, but suppressed the marijuana joint and contents of the briefcase on the grounds that both the joint and the briefcase were beyond the scope of the warrant and that the briefcase's contents did not come within the "plain view" warrantless search exception.[1]

---

[1] Although the record suggests that the government might have advanced an argument for reconsideration of the suppression order on the grounds that the seizure of the brief case was incident to arrest, the government

The trial court entered a guilty verdict on the charge of unlawful possession of the marijuana plants found in the general area around his house. Appellant now appeals his conviction claiming, among other things, that the evidence was insufficient to establish beyond a reasonable doubt that he "possessed" the marijuana plants found near his residence.

## Discussion

■■■ For appellant to prevail on a claim of insufficient evidence, he must show that no rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Mares*, 940 F.2d 445, 458 (9th Cir. 1991); *United States v. Sanchez-Mata*, 925 F.2d 1166, 1167 (9th Cir. 1991). "The inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the [trial court] could reasonably arrive at its verdict." *United States v. Mares*, 940 F.2d at 458.

A.S.C.A. § 13.1022 provides that "[e]xcept as authorized by the director [of medical services], it is unlawful for a person to possess a controlled substance." Marijuana is a controlled substance. A.S.C.A. §§ 13.1001(a), 13.1006. In this matter, the trial court found that:

> After discussions with an angry Suani for some 20 minutes, [Public Safety Officer] Leuma searched the area surrounding the house. This area was bush land and not under active farm crop cultivation by anyone other than Suani. Leuma located a growing plant, approximately two feet in height, which he visually recognized as marijuana, surrounded by a cleaned area and encircled by wire mesh, about 40 yards west of the house. He then found another plant, which he also visually recognized as marijuana, growing largely under the same conditions, about 30 yards north of the house.

Opinion and Order, entered Nov. 27, 1995, slip op. at 2. On the basis of these findings, the trial court concluded that "[appellant] was in constructive possession of the plants." *Id.*

■■■ In our view, the mere fact that appellant was defensive and angry under police interrogation and that he lived 90-120 feet from the two marijuana plants growing in nearby bush land is insufficient evidence to permit a conclusion beyond a reasonable doubt that the appellant was in

neither moved for reconsideration nor attempted to appeal the suppression order.

"possession" of a "controlled substance." To establish "possession" of a controlled substance, the government must present sufficient evidence that the defendant had dominion and control over the contraband. *See United States v. Kearns*, 61 F.3d 1422, 1424-25 (9th Cir. 1995); *United States v. Ramos-Rascon*, 8 F.3d 704, 711-12 (9th Cir. 1993); *United States v. Medrano*, 5 F.3d 1214, 1217-18 (9th Cir. 1993).

Even viewing the evidence in the light most favorable to the prosecution, we hold that the evidence presented at trial failed to identify the appellant as the one who exercised dominion and control over the land where the plants were found. There was no evidence that he supervised the cultivation, ordered the planting, or joined a conspiracy to grow marijuana in the area, nor was there evidence that he handled or sampled or controlled access to the marijuana plant. *Cf. Kearns*, 61 F.3d at 1425 (stating that "brief sampling of the marijuana, in the absence of other steps taken to give him physical custody of or dominion and control over the drugs, is not sufficient to constitute 'possession'."); *Medrano*, 5 F.3d at 1217-18 (reversing a conviction on the grounds of insufficient evidence where there was no evidence at trial that undercover officers, who had placed contraband in the trunk of the defendant's car pursuant to the defendant's instructions, had returned the car keys to defendants). To the contrary, as appellant points out, there was testimony at trial that indicated that the land area where the marijuana plants were growing was communal land, accessible to any number of his extended family members. Thus, the fact finder concluded unreasonably from the evidence presented at trial that appellant possessed the marijuana plant.

American Samoa's habitable land is largely composed of communally held real property without fences or rigid boundaries. If appellant's conviction is allowed to stand, we can envision situations in which the police would discover a marijuana plant on communal land, accuse anyone within a certain radius of the plant of possessing the plant, wait for a defensive or angry reaction, and then make an arrest for unlawful possession of a controlled substance. To the contrary, we are loathe to allow the setting of such a precedent but expect more from our police.[2]

---

[2] As a side note, we feel constrained to say that the prosecution of this case leaves more to be desired. First, the Attorney General's office committed a clerical error by limiting the scope of the warrant to "marijuana plants," rather than "marijuana and related paraphernalia." Additionally, while the marijuana joint found in appellant's home, the handgun, the quantity of marijuana seeds, and drug paraphernalia contained in the brief case, are compelling evidence of marijuana and weapon possession, the admissibility of these items of proof was not as vigorously pursued by the government as it might have been. If the government is going to seek convictions that entail extended prison

31

Because we hold that the fact finder's conclusions were unsupported by sufficient evidence, we must reverse the appellant's conviction.

## Conclusion

For the reasons stated above, appellant's conviction is hereby REVERSED.

It is so Ordered.

---

terms, it behooves the government to be less lackadaisical with regard to available evidence that should ordinarily secure conviction.