122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Laura RODRIGUEZ-BELTRAN, Defendant-Appellant.
 No. 96-50410.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997**
Aug. 27, 1997.
 
 Appeal from the United States District Court for the Southern District of California, D.C. No. CR-95-0157-02BTM; Barry T. Moskowitz, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Laura Rodriguez-Beltran appeals her conviction for importation of cocaine in violation of 21 U.S.C. §§ 952 and 960 and for aiding and abetting possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Rodriguez-Beltran contends that there was insufficient evidence to support her conviction because she lacked the requisite knowledge or intent. This contention lacks merit.
 
 
 4
 We review a challenge to the sufficiency of the evidence to determine whether, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. See United States v. Christoffel, 952 F.2d 1086, 1089 (9th Cir.1991).
 
 
 5
 A conviction for importation requires proof of knowing or intentional importation of a controlled substance. See id. To prevail on a charge of possession of cocaine with the intent to distribute, the government must prove the defendant knowingly possessed the drug with intent to distribute. See 21 U.S.C. § 841(a) (1994); see also United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.1990). Aiding and abetting requires proof of association with the criminal activity, participation in it, and intent that it succeed. See United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.1988). "Circumstantial evidence may prove knowledge or intent in cases involving possession or importation of large quantities of narcotics." Barbosa, 906 F.2d at 1368.
 
 
 6
 Here, a rational jury could have inferred that Rodriguez-Beltran both knowingly participated in the importation of a large quantity of cocaine and knowingly aided and abetted her co-defendant in its possession for distribution. See id.; Savinovich, 845 F.2d at 838. Rodriguez-Beltran was a passenger in a vehicle found to contain 32 kilograms of cocaine in a hidden compartment in the trunk. The government's expert testified that notations on a piece of paper admittedly authored by Rodriguez-Beltran and found in her codefendant's purse at the time of their arrest were characteristic of a drug ledger. See United States v. Jaramillo-Suarez, 950 F.2d 1378, 1385 (9th Cir.1991) (holding that drug ledger is proper subject for expert testimony). The notations included a pager number that the government proved was called on Rodriguez-Beltran's cellular phone the day before the arrest, and the number "9999", which the government's expert testified was characteristic of a code number to be used in drug transactions when contact was made with the pager. Id.
 
 
 7
 A rational jury could discredit as implausible Rodriguez-Beltran's explanations that some of these notations were doodles made while watching advertisements on television, as well as her changed testimony when confronted with the evidence that her phone had been used to call the pager number. See id. In addition, a jury could infer guilty knowledge from Rodriguez-Beltran's incredible story as to how she and her codefendant came into possession of the car containing the drugs. See United States v. Newman, 6 F.3d 623, 628 (9th Cir.1993) (holding that false exculpatory statements may be circumstantial evidence of consciousness of guilt); Barbosa, 906 F.2d at 1368. Also, a rational jury could infer that Rodriguez-Beltran was actively participating in the illegal activity by carrying rose petals in her purse at the time of her arrest in an attempt to mask the odor of the narcotics contained in the car. See Savinovich, 834 F.2d at 838.
 
 
 8
 Although Rodriguez-Beltran's presence as a passenger was insufficient by itself, cf. United States v. Sanchez-Mata, 925 F.2d 1166, 1169 (9th Cir.1991) (holding that mere presence as a passenger in vehicle carrying drugs cannot support conviction on aiding and abetting theory), there was ample additional evidence of Rodriguez-Beltran's knowledge and intent. Accordingly, the circumstantial evidence and Rodriguez-Beltran's implausible testimony, viewed in the light most favorable to the government, are sufficient to support her conviction. See Newman, 6 F.3d at 628; Barbosa, 906 F.2d at 1368.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3