UNITED STATES of America,
Plaintiff—Appellee,

v.

Anthony Wayne RITCHIE,
Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Jose Alfredo Gonzalez–Lopez,
Defendant—Appellant.

Nos. 07–10185, 07–10094.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2009.

Filed Feb. 20, 2009.

Christina Marie Cabanillas, Bradley William Giles, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Leslie Ann Bowman, Esquire, Law Office of Leslie A. Bowman, Tucson, AZ, for Jose Alfredo Gonzalez–Lopez.

Steven D. West, Esq., Nesci, St. Louis & West, P.L.L.C., Tucson, AZ, for Anthony Wayne Ritchie.

Before: GOULD, CLIFTON and BYBEE, Circuit Judges.

## MEMORANDUM *

Anthony Ritchie entered an unconditional guilty plea before the district court on charges of conspiracy to possess 1000 kilograms or more of marijuana with intent to distribute, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), 846 (Count 1), and possession of 1000 kilograms or more of marijuana with intent to distribute, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii) (Count 2). He now appeals his sentence,[1] arguing that the district court erred by (1) denying a third-level reduction for acceptance of responsibility under United States Sentencing Guidelines § 3E1.1(b), (2) failing to depart downward for providing substantial assistance to the government under United States Sentencing Guidelines § 5K1.1, and (3) relying on an erroneous factual determination.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Ritchie's opening brief challenges the district court's decision to deny his motion to suppress. We GRANT the government's unopposed motion to dismiss this argument because Ritchie did not reserve the right to appeal in his guilty plea. *See United States v. Jacobo Castillo,* 496 F.3d 947, 954 (9th Cir. 2007) (en banc).

Jose Gonzalez–Lopez was convicted after a jury trial on the same charges brought against Ritchie: conspiracy to possess marijuana and marijuana possession.[2] He argues that the district court erred by (1) failing to find that he had a reasonable expectation of privacy in a shed that contained marijuana, (2) finding that his initial detention was lawful, and (3) refusing to grant his motion for judgment of acquittal.

The parties are familiar with the facts of this case, and we do not repeat them here. For the reasons set forth below, we affirm.

## A. Ritchie

### 1. Acceptance of Responsibility and Substantial Assistance [3]

■ We review a prosecutor's exercise of discretion under § 3E1.1(b) and § 5K1.1 only to determine if the decision was based on "an unconstitutional motive (e.g., racial discrimination)" or made "arbitrarily (i.e., for reasons not rationally related to any legitimate governmental interest)." *United States v. Espinoza–Cano*, 456 F.3d 1126, 1136 (9th Cir.2006) (internal quotation marks omitted). The government refused to move for a third-level reduction under § 3E1.1(b) for a legitimate reason: Ritchie failed to enter a plea until two weeks before trial and thus forced the government to engage in extensive trial preparations. Similarly, the government refused to file a substantial assistance motion for at least two legitimate reasons: (1) it had already accounted for Ritchie's assistance by electing not to pursue other charges against him, and (2) the prosecutor felt that the sentencing guidelines failed to adequately account for Ritchie's prior drug convictions and involvement in drug trafficking.[4]

### 2. Factual Determination at Sentencing [5]

■ The district court's factual finding that Ritchie had been involved in the drug trafficking business "for a while" was not clearly erroneous based on the circumstances of his involvement in the current scheme and his criminal history.

## B. Gonzalez–Lopez

### 1. Expectation of Privacy In the Shed [6]

■ We agree with the district court that even if Gonzalez–Lopez could estab-

---

2. Gonzalez–Lopez was also charged with possession of a firearm during and in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). Because the district court dismissed this count, Gonzalez–Lopez's claims on appeal regarding the firearm charge are moot.

3. We review a district court's decision whether to reduce a defendant's sentence for acceptance of responsibility and a district court's factual findings concerning the government's reasons for refusing to file a § 5K1.1 substantial assistance motion for clear error. *United States v. Murphy*, 65 F.3d 758, 762 (9th Cir. 1995); *United States v. Espinoza–Cano*, 456 F.3d 1126, 1130 (9th Cir.2006). Although Gonzalez–Lopez failed to argue that the government acted with an improper motive to the district court, we conclude that under either clear error or plain error review we must affirm.

4. Ritchie also argues that the district court erroneously stated that it did not have authority to impose a third-level reduction under § 3E1.1(b) or deviate under § 5K1.1. Because the government did not act with an improper motive, the district court's analysis was correct. *See United States v. Murphy*, 65 F.3d 758, 762 (9th Cir.1995).

5. "We review the district court's factual findings at sentencing for clear error." *United States v. Mezas de Jesus*, 217 F.3d 638, 642 (9th Cir.2000).

6. "We review a district court's denial of a motion to suppress evidence de novo and its factual findings for clear error." *United States v. Summers*, 268 F.3d 683, 686 (9th Cir.2001).

lish a reasonable expectation of privacy in the trailer where he claims to have spent the night, he has failed to establish a reasonable expectation of privacy in the shed containing the marijuana. Gonzalez–Lopez's purported invitation to help with livestock does nothing more than show that he was legitimately on the property and that he had permission to enter the shed. Simply being "legitimately on the premises" is "insufficient to demonstrate a legitimate expectation of privacy." *United States v. Armenta,* 69 F.3d 304, 309 (9th Cir.1995) (internal quotation marks omitted).[7]

### 2. Detention

■ The information available to officers at the time they confronted Gonzalez–Lopez was sufficient to establish a reasonable suspicion of criminal activity. *See Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The Fourth Amendment allows for "intrusive and aggressive police conduct … in those circumstances when it is a *reasonable* response to legitimate safety concerns on the part of the investigating officers." *Washington v. Lambert,* 98 F.3d 1181, 1186 (9th Cir.1996). Under the circumstances here, detaining Gonzalez–Lopez at gunpoint, on the ground, and ultimately in handcuffs was a reasonable response to a legitimate concern for the officer's safety. *See United States v. Miles,* 247 F.3d 1009, 1013 (9th Cir.2001).

### 3. Motion for Judgment of Acquittal [8]

### a. Conspiracy

■ Where, as here, "the existence of a conspiracy is established, evidence which establishes beyond a reasonable doubt that a defendant is even slightly connected with the conspiracy is sufficient to convict." *United States v. Boone,* 951 F.2d 1526, 1543 (9th Cir.1991). We find the following facts would allow a jury to find beyond a reasonable doubt that Gonzalez–Lopez was connected with the ongoing drug trafficking conspiracy: (1) Gonzalez–Lopez approached agents and told them that he was renting the property to keep horses, even though the property was devoid of any sign of horses and actually held over 1000 kilograms of marijuana, (2) Gonzalez–Lopez had a bullet in his pocket that matched an assault rifle discovered in the shed containing marijuana, and (3) Gonzalez–Lopez fled with Ritchie after the appearance of a border patrol agent on the property.

### b. Possession

■ "Mere proximity to contraband, presence on property where it is found, and association with a person or persons having control of it are all insufficient to establish constructive possession." *United States v. Sanchez–Mata,* 925 F.2d 1166, 1169 (9th Cir.1991). However, in the present case the government introduced evidence that Gonzalez–Lopez represented to

7. Gonzalez–Lopez argued for the first time at oral argument that the shed fell within the "curtilage" of the trailer where he spent the night. We refuse to consider this issue because it was not argued specifically and distinctly in Gonzalez–Lopez's opening brief. *See Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217 (9th Cir.1997). Moreover, we have specifically held that a trailer used occasionally "as a place to sleep while performing farm chores" does not constitute a "home" for purposes of establishing Fourth Amendment protection in the curtilage of a home. *United States v.*

*Barajas–Avalos,* 377 F.3d 1040, 1057 (9th Cir. 2004).

8. "We review de novo claims of insufficient evidence." *United States v. Corona–Verbera,* 509 F.3d 1105, 1117 (9th Cir.2007). "[O]ur task is to determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *United States v. Reese,* 775 F.2d 1066, 1070–71 (9th Cir.1985).

officers that he was renting the entire property. Gonzalez–Lopez's asserted ownership, combined with the large quantity of marijuana, Gonzalez–Lopez's proximity to the drugs, the ammunition found on Gonzalez–Lopez's person, and the fact that he was only one of two people on the property were sufficient to establish constructive possession. *See United States v. Lopez,* 477 F.3d 1110 (9th Cir.2007).

**AFFIRMED.**