**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0676n.06

No. 08-4168

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

**Oct 08, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| ROBERT H. SHULL, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| | ) | |
| _____ | ) | |

Before: **MOORE and ROGERS, Circuit Judges; THAPAR,** * **District Judge.**

**THAPAR, District Judge.** Robert Shull appeals convictions of conspiracy to possess with

intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and possession with the intent to

distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Shull claims that the jury had

insufficient evidence to convict him. As to the conspiracy count only, he is correct. Therefore, we

**AFFIRM** in part and **REVERSE** in part.

I.

On January 20, 2007, Shull rode in a Saturn vehicle driven by Antwan Lewis. Lewis drove

the vehicle into a strip mall parking lot. Officers Greg Sanderson and Jeremy Sampson of the

Columbus Division of Police sat in a police cruiser parked in the same lot. As Lewis drove into the

_____

*The Honorable Amul R. Thapar, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

lot, Officer Sanderson recognized Shull and informed Officer Sampson that it was Shull. Officer Sampson stated that Shull had a warrant outstanding for his arrest. Lewis parked the vehicle in the lot, and left the vehicle to walk towards a nearby business. Shull remained in the vehicle for a brief period. When Shull exited the Saturn, the officers stopped him outside the vehicle, and Officer Sampson informed him that they had a warrant for his arrest. Looking through the passenger side of the car, Officer Sanderson saw a baggie of marijuana on the console area between the two seats. Officer Sanderson informed Officer Sampson, "[h]ey, we got marijuana," to which Shull responded, "[y]eah, that's my weed."

Officer Sanderson opened the passenger door and removed the marijuana baggie on the center console and saw another baggie sticking up from between the seats—almost directly below where the marijuana baggie was located. This baggie contained crack cocaine. Officer Sanderson went around to the driver's side and found two more baggies of crack cocaine in between the passenger seat and center console. Officer Sampson followed Lewis and detained him; he searched Lewis and found $2,900. The officers' search of Shull revealed two additional baggies of marijuana. Shull also had $41.

Officer Sanderson preserved the contraband and sent the crack to the Columbus Police Crime Lab for analysis. The lab concluded that the three bags contained cocaine base weighing 52.9 grams.

After the close of the prosecution's case at trial, Shull moved for judgment and acquittal on both counts pursuant to Rule 29 of the Federal Rules of Criminal Procedure. This motion was overruled. A jury convicted Shull on both counts, and this timely appeal followed.

II.

Shull challenges the sufficiency of the evidence for each conviction. We review sufficiency of the evidence claims *de novo* to ascertain "whether after viewing the evidence in the light most

favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Garrido*, 467 F.3d 971, 984 (6th Cir. 2006) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)).

A.

The jury convicted Shull of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. To prove a conspiracy, the government must prove the following elements beyond a reasonable doubt: "(1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy." *United States v. Welch*, 97 F.3d 142, 148-49 (6th Cir. 1996) (citation omitted). While the evidence that Shull agreed to join a conspiracy to violate the drug laws "need only be slight," *United States v. Hodges*, 935 F.2d 766, 773 (6th Cir. 1991) (citation omitted), it still must exist. Here, however, such evidence does not exist.

Proof that Shull agreed to join a conspiracy to violate the drug laws cannot be found simply based on the facts that he rode in Lewis's car, that he remained in the vehicle after Lewis exited, and that officers found three baggies of crack cocaine in the vehicle. *See, e.g., United States v. Pearce*, 912 F.2d 159, 162 (6th Cir. 1990) ("'[M]ere association with conspirators is not enough to establish participation in a conspiracy.'" (quoting *United States v. Stanley*, 765 F.2d 1224, 1243 (5th Cir. 1985))). Moreover, the fact that Lewis had a large amount of money is not evidence of a conspiratorial agreement between him and Shull. *Cf. United States v. Sanchez-Mata*, 925 F.2d 1166 (9th Cir. 1991) (holding there was insufficient evidence to prove conspiracy, where the defendant was a passenger, and had $24 at the time of arrest, and there was no evidence of a relationship between the alleged conspirators).

Finally, the government argues that evidence of a conspiratorial agreement exists by virtue of the fact that Shull's delayed exit from the car demonstrates that a drug transaction occurred

between Lewis and Shull. We disagree. First, even if it were true that the evidence demonstrates that a drug transaction occurred between Lewis and Shull, it is questionable that a single sale of drugs amounts to a conspiracy. Otherwise, a mere purchaser of a small quantity of drugs would be a co-conspirator in a much broader supply conspiracy. Moreover, the evidence does not demonstrate that a drug transaction occurred between Lewis and Shull. It is true that drugs were found in the vehicle, but this alone does not prove that there was a drug transaction between the two of them. Considering that no drug paraphernalia such as scales or extra baggies were found to corroborate a transaction, it cannot be said that there is any proof of a drug transaction between Lewis and Shull.

In short, the Government presented no evidence that Shull entered into a conspiratorial agreement to violate the drug laws. Therefore, his conviction on the conspiracy count must be reversed since—even when the evidence is viewed in the light most favorable to the Government—no rational trier of fact could have found the essential elements of this offense beyond a reasonable doubt. *See Garrido*, 467 F.3d at 984 (citing *Jackson*, 443 U.S. at 319).

B.

The jury also convicted Shull of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). This offense requires proof that the defendant "(1) knowingly; (2) possessed a controlled substance; (3) with intent to distribute." *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994) (citation omitted). The only element that Shull contests on appeal is the element of possession. Despite his arguments to the contrary, there is sufficient evidence of this element.

Possession may be either actual or constructive, and it "it need not be exclusive and may be joint." *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir. 1973) (citations omitted); *United States v. Holt*, 427 F.2d 1114, 1116 (8th Cir. 1970)).

Actual possession exists when an individual knowingly has direct physical control over a thing at a given time, and constructive possession exists when a person does not have physical possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.

*United States v. Hunter*, 558 F.3d 495, 504 (6th Cir. 2009) (citations omitted); *United States v. Welch*, 97 F.3d 142, 150 (6th Cir. 1996)). Here, there is no evidence that Shull had physical possession of the crack cocaine. Thus, it cannot be said that he had actual possession of it. Evidence, however, does exist to support a jury finding that he had constructive possession. First, Officer Sanderson testified that "the crack was halfway under the passenger side seat, in between the front passenger seat and the emergency brake, in between the frame and the center console," and that "the baggie of crack would have been visible to both the passenger and the driver." This evidence alone would not be a sufficient basis for finding constructive possession. *See United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008) (holding that mere proximity to contraband is insufficient proof of constructive possession). However, this is not the only evidence indicating constructive possession. Most importantly, Shull also admitted to owning the marijuana that sat on top of the crack cocaine. And Lewis left Shull alone in the vehicle with the crack. The jury could reasonably infer that Shull constructively possessed the crack; otherwise one would not expect Lewis to have left Shull alone with such a large and valuable quantity of drugs.

To be sure, there is no smoking gun here. However, considering that the evidence must be viewed in the light most favorable to the Government, and that the proof of possession need not "remove every reasonable hypothesis except that of guilt," *Craven*, 478 F.2d at 1333 (citations omitted), a rational jury could conclude beyond a reasonable doubt that Shull had the power and intent to exercise dominion and control over the crack. Therefore, his conviction on the possession count must be affirmed.

Shull argues that this case is indistinguishable from *United States v. Bailey*, where we held that "the defendant's mere presence in a car where a gun is found and proximity to a gun are insufficient proof of constructive possession." 553 F.3d 940, 947-48 (6th Cir. 2009) (citation omitted). Shull is wrong. In *Bailey*, the defendant was merely present in a vehicle that contained a loaded firearm. In other words, there was no action, word, or conduct linking the defendant to the contraband so as to indicate that he had some stake in it or power over it. *See id.* at 945 (citation omitted). The key factor distinguishing this case from *Bailey* is that Shull admitted that he owned the baggie of marijuana placed directly on top of the crack cocaine in the car. This critical admission, coupled with his proximity to the crack, and the fact that the driver of the vehicle left Shull alone with a large and valuable quantity of drugs supports the finding of constructive possession. As a result, the Government presented sufficient evidence of constructive possession here. *See, e.g., United States v. Richardson*, 161 F.3d 728, 732 (D.C. Cir. 1998) (holding that mere proximity to contraband is not enough to constitute constructive possession, but "proximity coupled with 'evidence of some other factor . . .'" is enough (quoting *United States v. Morris*, 977 F.2d 617, 620 (D.C. Cir. 1992))).

## III.

For the foregoing reasons, we **AFFIRM** the possession conviction, but **REVERSE** the conspiracy conviction. Because the district court grouped the two counts together for sentencing, it must resentence Shull. *See United States v. Davis*, 547 F.3d 520, 529 (6th Cir. 2008). We therefore vacate Shull's sentence and remand for further proceedings consistent with this opinion.