**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10131 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01329-ROS-1 |
| v. | |
| DAMIEN ZEPEDA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted July 17, 2012
San Francisco, California

Before: FERNANDEZ, PAEZ, and WATFORD, Circuit Judges.

In a nine-count indictment, the government charged Defendant Damien

Zepeda ("Zepeda") with, *inter alia*, conspiracy to commit assault, assault with a

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

deadly weapon, and use of a firearm during a crime of violence.[1] Following a jury

trial, he was convicted of all nine counts. On appeal, he argues that numerous

errors at trial warrant reversal of his conspiracy conviction, and that there was

insufficient evidence to convict him of conspiracy beyond a reasonable doubt.[2] We

have jurisdiction under 18 U.S.C. § 1291 and we affirm.

Zepeda argues that the district court erred in failing to give a voluntary

intoxication instruction at trial. We disagree. Because Zepeda neither presented

nor relied upon a voluntary intoxication theory of defense, the district court's

failure to instruct the jury on that theory *sua sponte* was not plain error. *See United*

*States v. Bear*, 439 F.3d 565, 568 (9th Cir. 2006); *United States v. Span*, 970 F.2d

573, 578 (9th Cir. 1992).

---

[1] The nine counts included: (1) conspiracy to commit assault with a dangerous weapon and assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153, 371, and 2; (2) assault resulting in serious bodily injury against Dallas Peters, in violation of 18 U.S.C. §§ 1153, 113(a)(6) and 2; (3) use of a firearm during a crime of violence as charged in count 2, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; (4), (6), (8) assault with a dangerous weapon against Dallas Peters, Stephanie Aviles, and Jane Doe, in violation of 18 U.S.C. §§ 1153, 113(a)(3), and 2; and, (5), (7), (9) use of a firearm during the crimes of violence charged in counts 4, 6, and 8, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

[2] In an opinion filed concurrently with this Memorandum, we reversed Zepeda's convictions under counts 2 through 9 of the Indictment. Here, we address only Zepeda's conspiracy conviction, under count 1 of the Indictment.

Zepeda next argues that the prosecutor committed misconduct when questioning his brother Matthew Zepeda ("Matthew") regarding Matthew's obligations to testify truthfully pursuant to his plea agreement, and that the district court erred in denying Zepeda's motion for a mistrial on this basis. The government concedes that the prosecutor's "perjury" objection during Matthew's testimony was improper. Any error resulting from that improper objection was harmless, however. First, the district court gave a prompt and proportional curative instruction. *See United States v. Necoechea*, 986 F.2d 1273, 1280 (9th Cir. 1993); *United States v. Parks*, 285 F.3d 1133, 1141 (9th Cir. 2002). Second, Matthew's testimony favored the government and its discrediting favored the defense, since the defense relied heavily on the theory that the government's witnesses were lying. The district court did not abuse its discretion in denying Zepeda's mistrial motion.

In addition, the prosecutor's pre-trial admonitions that Matthew should not commit perjury were not misconduct. Matthew's contemporaneous letter to Zepeda reveals that the prosecutor did not use coercive or intimidating tactics, but sought to assure Matthew's adherence to the conditions of his plea agreement. *See United States v. Vavages*, 151 F.3d 1185, 1189-90 (9th Cir. 1998).

3

Zepeda next argues that the prosecutor misstated the evidence during closing argument and caused the jury falsely to infer a conspiratorial agreement between him and his brothers. It is "not misconduct for the prosecutor to argue reasonable inferences based on the record." *United States v. Younger*, 398 F.3d 1179, 1190 (9th Cir. 2005) (internal quotation marks and citation omitted). However, the prosecutor's statement during closing argument that Zepeda told his brother Jeremy Zepeda ("Jeremy") that they were going to "do some dirt," when in fact there was no testimony to that effect, was improper. Nonetheless, no prejudicial plain error resulted in light of the ample additional evidence from which the jurors could have inferred a conspiratorial agreement. *See United States v. Sullivan*, 522 F.3d 967, 982 (9th Cir. 2008); *cf. United States v. Blueford*, 312 F.3d 962, 968-73 (9th Cir. 2002).

Zepeda further argues that the district court erred in failing to conduct an evidentiary hearing when the prosecutor alerted her that a juror was asleep. "A single juror's slumber . . . is not per se plain error." *United States v. Olano*, 62 F.3d 1180, 1189 (9th Cir. 1995). Zepeda failed to demonstrate that the juror's inattention "deprived him of his right to an impartial jury and, more generally, to a fair trial" because the record reflects that the juror was asleep during key testimony that incriminated him. *Id.* (citation and internal quotation marks

4

omitted). The juror's inattention therefore, if anything, was harmful to the government. Accordingly, the district court did not plainly err in failing to investigate further.

Finally, Zepeda argues that insufficient evidence supported his conspiracy conviction. We disagree. Zepeda testified that he wanted to have his brothers with him on the night of the crime; Jeremy testified that Zepeda was carrying a handgun and a sawed off shotgun, and that "they were supposed to give me the shotgun"; Jeremy testified that he saw Zepeda hand Matthew the shotgun before walking to the door of the victims' house; and, Matthew testified that Zepeda instructed him on how to load the shotgun, and told him to fire a shot if something happened. Drawing all inferences in the government's favor, a reasonable juror could have inferred a conspiratorial agreement from these facts, and found Zepeda guilty of conspiracy beyond a reasonable doubt. *See United States v. Esquivel-Ortega*, 484 F.3d 1221, 1224 (9th Cir. 2007); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (noting that it is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts"); *United States v. Sanchez-Mata*, 925 F.2d 1166, 1167 (9th Cir. 1991) (stating that "only a slight connection is necessary to support a conviction of knowing participation" in a conspiracy).

5

We decline to review Zepeda's ineffective assistance of counsel claim on direct appeal because the record is insufficiently developed. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003).

In light of our conclusions, cumulative error does not warrant reversal. *See Necoechea*, 986 F.2d at 1282.

AFFIRMED.