MEMORANDUM *
Virgil Morris was convicted following a jury trial of four counts of conspiracy to distribute, distributing, and aiding and abetting the distribution of cocaine and cocaine base. The government had extended several plea offers in the months before trial but Morris declined the offers and elected to go to trial. Because Morris previously had been convicted in state court of at least two prior drug felonies, he was subject to a mandatory sentence of life imprisonment under 21 U.S.C. § 841(b)(1).[1] The district court imposed the mandatory sentence.
Morris raises four claims of error in this appeal. He contends: (1) that there was insufficient evidence to support his conviction on the fourth count of the indictment; (2) that the verdict was invalid because the district court summarized the jury’s verdict form rather than read the form verbatim in open court; (3) that the district court abused its discretion when it denied his motion for a new trial; and (4) that the district court failed to resolve disputed facts in the pre-sentence report before sentencing him. Morris also contends that his Sixth Amendment right to effective assistance of counsel was violated because his attorneys failed to inform him that he was subject to a mandatory life sentence. He urges us to find that this claim is ripe for review on direct appeal.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We affirm the district court on all issues.
First, the evidence was sufficient to support the jury’s verdict on Count 4 of the indictment. A challenge to the sufficiency of the evidence requires us to determine whether, “ ‘after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” United States v. Delgado, 357 F.3d 1061, 1068 (9th Cir.2004) (quoting United States v. Carranza, 289 F.3d 634, 641-42 (9th Cir.2002)) (emphasis in original). Count 4 charged Moms with aiding and abetting distribution of five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(l)(B)(iii) and 18 U.S.C. § 2(a). A conviction for aiding and abetting another in the commission of a crime under 18 U.S.C. § 2 requires the government to prove that the defendant ‘“in some sort associated himself with the venture, that he participated in it as in something that he wished to bring about, [and] that he sought by his action to make it succeed.’ ” United *123 States v. Ramirez-Robles, 386 F.3d 1234, 1241 (9th Cir.2004) (internal edits omitted) (quoting United States v. Sanchez-Mata, 925 F.2d 1166, 1169 (9th Cir.1991)). Here, the government presented evidence that Morris helped a confidential informant contact Morris’s associate Malone so that the informant and Malone could complete a drug transaction. Viewing this evidence in the light most favorable to the government, a rational trier of fact could have found that Morris associated himself with the drug transaction between the informant and Malone, that he participated in it by facilitating the meeting between the informant and Malone, and that by doing so he sought to make the drug transaction succeed. See Ramirez-Robles, 386 F.3d at 1241; Delgado, 357 F.3d at 1068.
Second, the district court did not plainly err when it summarized the jury’s verdict. Morris points us to no statute, rule, or case that requires a district court judge to read the jury’s verdict forms verbatim. In addition, Morris has not demonstrated that the district court’s announcement of a summary of the verdict affected his substantial rights or “seriously af-fectfed] the fairness, integrity or public reputation of judicial proceedings” as required for us to reverse on plain error review. United States v. Olano, 507 U.S. 725, 734, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
Third, the district court did not abuse its discretion when it denied Morris’s motion for a new trial. Although the district court erroneously found that the seven-day time limit in Federal Rule of Ci’iminal Procedure 33(b)(2) was jurisdictional rather than an inflexible claim-processing rule, the error is harmless because Morris’s motion was nevertheless time-barred. See Eberhart v. United States, 546 U.S. 12, 19, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005).
Fourth, the district court did not violate Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to resolve Morris’s objections to disputed facts in the pre-sentence report. Where the objection does not involve a factual dispute that affects the temporal term of the defendant’s sentence, Rule 32(i)(3)(B) does not apply. See United States v. Saeteurn, 504 F.3d 1175, 1181 (9th Cir.2007). Because Morris was sentenced pursuant to a statutory provision requiring a mandatory life sentence, none of Morris’s objections could have affected the temporal term of his sentence. The district court therefore did not violate Rule 32(i)(3)(B).
Finally, Morris’s claim that he received ineffective assistance of counsel during the plea negotiation process is not appropriate for review on direct appeal. We do not review challenges to the effectiveness of counsel on direct appeal except “in the unusual cases (1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.” United States v. Jeronimo, 398 F.3d 1149, 1156 (9th Cir.2005). We have explained that it is preferable that defendants challenge the effectiveness of defense counsel in a habeas corpus proceeding because “ ‘it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted.’ ” Id. (quoting United States v. Laughlin, 933 F.2d 786, 788-89 (9th Cir.1991)). Here, although the district court ordered Morris’s trial counsel and the government to file declarations and exhibits describing the plea negotiation process, the district court did not hold an evidentiary hearing on ineffective assistance of counsel. The record is therefore insufficiently developed *124 regarding such factual issues as whether Morris’s first public defender told him that he was subject to a mandatory minimum life sentence if found guilty of all counts, whether Morris’s retained defense counsel misled Morris regarding his sentence and his chances at trial, and whether Morris would in fact have chosen to plead guilty rather than to proceed to trial had he been adequately informed. See Turner v. Calderon, 281 F.3d 851, 879 (9th Cir.2002) (citing Hill v. Lockhart, 474 U.S. 52, 57-58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Morris must, therefore, bring his ineffective assistance of counsel claim in a habeas corpus proceeding under 28 U.S.C. § 2255.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. 21 U.S.C. § 841(b)(1) provides, "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment.... If any person commits a violation of this subparagraph ... after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release....”.