# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

            v.

HAO QUANG TRAN,
           *Defendant-Appellant.*

No. 07-30270

D.C. No.
CR-06-00296-10-
JCC
Western District of
Washington,
Seattle

ORDER

Filed October 23, 2009

Before: Harry Pregerson, William C. Canby, Jr. and
John T. Noonan, Circuit Judges.

Order;
Dissent by Judge Gould

---

## ORDER

A judge of this court *sua sponte* called for this case to be reheard en banc. A vote was taken, and a majority of the active judges of the court did not vote for a rehearing en banc. Fed. R. App. P. 35(f). The call for this case to be reheard en banc is DENIED.

---

GOULD, Circuit Judge, with whom O'SCANNLAIN, KLEINFELD, TALLMAN, BYBEE, CALLAHAN, and BEA, Circuit Judges, join, dissenting from denial of rehearing en banc:

I respectfully dissent from the denial of rehearing en banc, believing that the majority opinion is in conflict with *Jackson v. Virginia*, 443 U.S. 307 (1979). Although the majority cites that case, its misapplication of *Jackson v. Virginia* is an error that should not go uncorrected because it shifts power improperly from the jury, the voice of the community, which heard the evidence presented at trial, to our Ninth Circuit panel, which errs extravagantly. The majority opinion stretches the "mere presence" rule to undermine a bedrock principle of appellate jurisprudence: jury verdicts must be upheld if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). The dissent of Judge Noonan correctly analyzed the requirements of *Jackson v. Virginia*, and the majority did not.

The evidentiary value of Tran's co-conspirator's inculpatory plea-agreement statement, and whether it supported Tran's complicity or mere presence (the very question the majority held must be answered in Tran's favor) was put before the jury. *See* Brief of Appellant at 11, 13, *United States v. Tran*, 568 F.3d 1156 (9th Cir. Feb. 29, 2008) (No. 07-30270). The statement admitted from Nguyen's plea agreement, that "Nguyen, together with Han Quong Tran, picked up approximately 70 pounds of marijuana for redistribution that night," is itself adequate to uphold the jury's verdict against Tran. The jury could rationally have given that statement its ordinary meaning that Tran and Nguyen both picked up the drugs for distribution. *Jackson v. Virginia* requires that we view "evidence in the light most favorable to the prosecution." 443 U.S. at 319. If the jury *may* have credited an interpretation of the plea-agreement statement consistent with

Tran's involvement beyond mere presence, I conclude that *Jackson v. Virginia* requires us to honor that possibility because of the superordinate primacy given to jury decisions on disputed facts.

The jury also considered substantial circumstantial evidence that Tran was involved in the conspiracy: Tran was one of two people found in a car that had previously been observed departing a known drug warehouse operated by a major marijuana importation and distribution organization, the trunk of the car held more than sixty pounds of marijuana, Tran's earlier connections with marijuana distribution were admitted to show he had extensive knowledge of how such distribution works and Tran's knowledge of drug distribution compared with Nguyen's youth and inexperience—he was "young and stupid" in his own words—made it unlikely that such a large quantity of drugs would have been entrusted to Nguyen alone when such a knowledgeable, though misguided, mentor was on hand. The jury had the opportunity to consider whether Nguyen's plea-agreement statement and this corroborating evidence demonstrated his guilt or "supports no more than Tran's mere presence," as the majority held, but the jury rejected that argument, as was its prerogative. *See* Brief of Appellant at 11, 13 (stating that "the government urged the court (and the jury) to interpret the 'together with' sentence to mean Tran was Nguyen's accomplice" and quoting the government as arguing in its closing that the plea agreement showed "they [Nguyen and Tran] did this together").

The cases the majority cites stand only for the sensible proposition that mere presence in a car or home where drugs are found is not enough to convict of conspiracy to distribute drugs, even when the defendant has knowledge of the conspiracy. *See United States v. Estrada-Macias*, 218 F.3d 1064, 1066 (9th Cir. 2000); *United States v. Sanchez-Mata*, 925 F.2d 1166, 1167-68 (9th Cir. 1991). But here Nguyen's explicit inculpatory plea-agreement statement, coupled with the permissible and reasonable inferences to be drawn from

the circumstantial evidence—such as the comparison of Nguyen's inexperience with Tran's extensive knowledge— are sufficient to support the jury's verdict.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.